UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

OSWALD MBUYISENI MTSHALI,

               Plaintiff,   :  05 Civ. 0358 (PAC)(HBP)

  -against-                  :  MEMORANDUM OPINION
                                       AND ORDER
NEW YORK CITY COLLEGE OF
TECHNOLOGY-CUNY, et al.,

               Defendants.

---------------------------------------X

        PITMAN, United States Magistrate Judge:

        By motion dated June 24, 2005 (Docket Item 7), plaintiff moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

        The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

Even if I assume that plaintiff lacks the financial resources to retain counsel, his papers do not establish several factors relevant to his motion. Plaintiff provides no specific information concerning what efforts he has made to find counsel on his own or why this case presents special problems warranting the appointment of pro bono counsel. Most important, plaintiff offers nothing to show that this case is sufficiently meritorious to warrant its submission to the pro bono panel. Indeed, the pending dismissal motion indicates that there are serious issues

concerning whether plaintiff has exhausted available administrative remedies and the Court's subject matter jurisdiction to hear his age discrimination claim.

Accordingly, plaintiff's motion for counsel is denied without prejudice to renewal. Any renewed motion should be accompanied by an affidavit that specifically addresses the relevant factors set forth above and provides details sufficient to establish that the foregoing factors are satisfied.

Dated: New York, New York
January 30, 2006

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Oswald Mbuyiseni Mtshali
973 East Gunhill Road
Bronx, New York 10467

Steven L. Banks, Esq.
Karen A. Dahlberg, Esq.
Assistant Attorney General
State of New York
120 Broadway
24th Floor
New York, New York 10271