UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OSWALD MBUYISENI MTSHALI, :

                         Plaintiff, :        05 Civ. 358 (PAC) (HBP)

    - against - :        <u>ORDER</u>

NEW YORK CITY COLLEGE OF :
TECHNOLOGY, FRED BEAUFAIT,
and STEVE PANFORD, :

                        Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

<u>Pro</u> <u>se</u> plaintiff Oswald Mbuyiseni Mtshali brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Fred Beaufait and Steve Panford violated his First Amendment rights by refusing to promote him to a tenure-track Assistant Professor position in retaliation for his views regarding the Iraq War.[1]

On February 26, 2008, Magistrate Judge Henry B. Pittman issued a Report & Recommendation ("R&R") recommending that Mr. Mtshali's claims be dismissed. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Magistrate Judge provided ten days for written objections and specifically advised that "failure to object within ten (10) days will result in a waiver of objections and will preclude appellate review." (R&R 20.) On April 7, 2008, the Court received objections

---

[1] In addition to the present claims against Defendants Beaufait and Panford, Mr. Mtshali initially asserted: (1) a § 1983 claim against New York City College of Technology; (2) claims against all Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq</u>. ("Title VII"); and (3) claims against all Defendants pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 <u>et</u> <u>seq</u>. ("ADEA"). On October 3, 2006, this Court dismissed Mr. Mtshali's Title VII and ADEA claims against all Defendants, as well as his § 1983 claim against New York City College of Technology. <u>See</u> Memorandum and Order, Oct. 3, 2006, Docket Item 32.

1

from Mr. Mtshali dated March 25, 2008. (Request to Appeal Judgment Against Plaintiff ("Objections")). It appears that Mr. Mtshali is now resident in Soweto, South Africa.

The Objections are not timely and should not be considered. Nonetheless, in light of plaintiff's pro se status, the Court will review the Objections as though they were timely filed. The Objections are without merit; they offer neither argument nor evidence which would call the conclusions in Magistrate Judge Pitman's R&R into question. Accordingly, Defendants' motion for summary judgment is GRANTED and Mr. Mtshali's action is DISMISSED in its entirety.

**DISCUSSION**

I.  **Consideration of a Report and Recommendation**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

II. **Plaintiff Mtshali's Objections**

Mr. Mtshali's Objections are without merit. First, Mr. Mtshali's disappointment with the Magistrate Judge's decision is not a reason for this Court to reject it. (See Objections ¶ 1.) Second, Mr. Mtshali's claims that wrongdoing on the part of Eliot Spitzer prejudiced his case are baseless. (See id. ¶¶ 2, 5.2-5.4.) Third, Mr. Mtshali neither raises new arguments nor offers new evidence to support his claim that

Defendants misrepresented his academic qualifications. (See id. ¶ 5.1). Moreover, this claim was properly addressed by Magistrate Judge Pitman. (See R&R 17-18.) Lastly, Mr. Mtshali has not been refused his right to a jury trial. (Objections ¶ 3.) Rather, summary judgment is appropriate where, as here, "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

It is clear that Mr. Mtshali did not express his views on the Iraq War until two months after he was not selected for the position he sought. Mr. Mtshali's political views had nothing to do with Defendants' decision to choose another candidate for the position. Accordingly, there is no basis in fact or law for finding that the Defendants' selection decision was motivated by Mr. Mtshali's speech.

In sum, the Court accepts Magistrate Judge Pitman's R&R and, having reviewed it in light of Mr. Mtshali's Objections, adopts it in its entirety.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's action is DISMISSED. The Clerk of the Court is directed to enter judgment and close this case.

Dated:    New York, New York
             October 24, 2008

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies to: Dr. Mbuyiseni Oswald Mtshali
5803 Mziki Street
Zone 5, P.O. Pimville 1809
Soweto, South Africa

Aron Fischer
Assistant Attorney General
State of New York Office of the Attorney General
120 Broadway
New York, NY 10271-0332

Hon. Henry B. Pitman
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750
New York, NY 10007-1312